UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ONECOMMAND, INC.,         Case No. 1:12-cv-471

    Plaintiff,

       Judge Timothy S. Black

vs.

TAMSEN BEROTH,

    Defendant.

**ORDER THAT: (1) DEFENDANT'S MOTION TO DISMISS (Doc. 4) IS DENIED; AND (2) PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY (Doc. 3) IS DENIED AS MOOT**

This civil action is before the Court on Defendant's motion to dismiss (Doc. 4) and the parties' responsive memoranda (Docs. 6, 8). Also before the Court is Plaintiff's motion for expedited discovery (Doc. 3) and Defendant's responsive memorandum (Doc. 5).

## I. BACKGROUND FACTS

Plaintiff OneCommand hired Defendant Tamsen Beroth in March 2007. (Doc. 2 at ¶ 7). Defendant worked as a Regional Account Manager for OneCommand and serviced its customers in North Carolina and the surrounding region. (*Id.*) Defendant signed a Non-Solicitation and Non-Disclosure Agreement ("Agreement") on March 12, 2007. (*Id.*, Ex. 1). The Agreement restricts Defendant from certain solicitation and employment for a period of 24 months following the termination of her employment. (*Id.* at ¶ 13).

Defendant resigned her employment with OneCommand in November 2011 and went to work for Data Software Services of Valdosta, Georgia, d/b/a eLEAD. (*Id.* at ¶14).

Plaintiff alleges that eLEAD is engaged in the voice marketing industry and provides similar products and service, including automated voice messaging, mobile messaging and text messaging, and e-mail marketing, as does Plaintiff. (*Id*.) Defendant is employed as a National Accounts Manager for eLEAD. (*Id*.)

Plaintiff further alleges that Defendant has solicited Plaintiff's customers to transfer their business to eLEAD and has given eLEAD access to Plaintiff's trade secrets and/or confidential information. (*Id*., at ¶¶ 16-17).

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(7) allows dismissal for failure to join an indispensable party under Rule 19. A party is indispensable if: "(1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

Under Rule 19, a person is "necessary" if: (1) the absence of the person to be joined impairs the court's ability to grant relief; (2) the person to be joined claims an interest in the subject matter of the action and not joining the person would impede the person's ability to protect that interest; or (3) the person to be joined claims an interest in the subject matter of the action and not joining the person would leave one or more of the parties vulnerable to incurring multiple or inconsistent obligations regarding the claimed interest. Fed. R. Civ. P. 19(a).

If the Court determines the party is not "necessary" under Rule 19(a), "joinder, as well as further analysis, is unnecessary." *Local 670 v. Int'l Union*, 822 F.2d 613, 618 (6th Cir. 1987). The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a). *Marshall v. Navistar Intern. Transp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich, 1996).

### III. ANALYSIS

#### A. Motion to Dismiss

Defendant argues that eLEAD is a party subject to joinder under Rule 19(a) and requests that the Court either grant her motion to dismiss or order that eLEAD be joined to the litigation. Specifically, Defendant points out that in its prayer for relief, Plaintiff prays for "[d]amages in an amount to be proven at trial for Beroth's breach of the Agreement, for Defendant's misuse of trade secrets, and eLEAD's tortious interference with the [Non-Compete] Agreement." (Doc. 2 at ¶ 43(A)).

The Sixth Circuit has recognized that "the resolution of the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993). First, the Court must determine whether eLEAD is a necessary party under Rule 19(a). If this Court finds that eLEAD falls within either one of these provisions, then it is to be joined if feasible. The Court must then consider steps two and three: the issues of personal jurisdiction and indispensability. *Id.* If personal

jurisdiction is present, the party shall be joined. If personal jurisdiction is absent, the court proceeds to the third step, which involves an analysis of the factors set forth in Rule 19(b) to determine whether the court may proceed without the absent party or whether the case must be dismissed due to the indispensability of that party. *Id.* The rule is not to be applied in a rigid manner. *Id.*

Defendant argues that given the request for injunctive relief, and the claim for damages arising out of an alleged tortious interference, eLEAD clearly has an interest relating to the subject of the action and disposing of the action in eLEAD's absence may impair or impede eLEAD's ability to protect its interest. Fed. R. Civ. P. 19(a)(1)(B)(i).[1]

However, OneCommand and Beroth are the only two parties to the Agreement upon which the lawsuit is based. And, "[i]n general, the indispensable parties in a breach of contract actions are the parties to the contract. *Russian Collections v. Melamid*, No. 2:09cv300, 2009 U.S. Dist. LEXIS 113733, at *18 (S.D. Ohio Nov. 18, 2009) (rejecting the argument that a non-signatory to a contract was a necessary party). Here, eLEAD is not a party to the agreement at issue.

An employer does not have to include the competitor employer when seeking to enforce restrictive covenants agreed to by its former employee. Employers routinely sue former employees over non-competition violations without adding the competitor employers as defendants. *See, e.g., Michael's Finer Meats v. Alfery*, 649 F. Supp. 2d 748

---

[1] Notably, eLEAD has not filed a motion to intervene.

(S.D. Ohio 2009) (employer's preliminary injunction issued against former employee, sole defendant); *Greif, Inc v. Corte*, No. 2:08cv509, 2008 U.S. Dist. LEXIS 51459 (S.D. Ohio 2008) (sole defendant former employee was enjoined from violating non-competition and non-disclosure covenants in employment agreement with plaintiff); *Prosonic Corp. v. Stafford*, 539 F. Supp. 2d 1999 (S.D. Ohio 2008) (preliminary injunction granted against former employee, sole defendant, with narrow exception allowing limited work for non-party competitor). Moreover, the Court may issue an injunction against Defendant without having to enjoin eLEAD.

Accordingly, the Court finds that eLEAD is not a necessary party, and, therefore, the Court need not analyze the Rule 19(b) factors.[2]

### B. Expedited Motion for Discovery

The parties agreed to an expedited calendar in the Court's presence. Specifically, the parties shall exchange documents within 20 days of the date of this Order and proceed with depositions by 30 days thereafter. Additionally, counsel shall jointly submit a proposed date for the Preliminary Injunction hearing to chambers email forthwith.[3]

---

[2] Even if the Court did consider the 19(b) factors, the Court can render judgment against Defendant without prejudicing any rights of eLEAD. This Court may enjoin the activities of Defendant without enjoining her employer or the activities of other employees of eLEAD. The fact that Plaintiff may have potential claims against eLEAD for possible trade secret violations and/or tortious interference does not make eLEAD a necessary party to this litigation. *See PineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001).

[3] Black_chambers@ohsd.uscourts.gov.

## IV. CONCLUSION

Accordingly, for the reasons stated here:

1. Defendant's motion to dismiss (Doc. 4) is **DENIED**; and

2. Plaintiff's motion for expedited discovery (Doc. 3) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Date: 8/29/12                                            *s/ Timothy S. Black*
                                                                                          Timothy S. Black
                                                                                          United States District Judge